UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michelle Mary Ray,                                   Civil No. 14-539 (PAM/TNL)

                Plaintiff,

v.                                                   **MEMORANDUM AND ORDER**

Anoka County; City of Big Lake;
City of Bloomington; City of Brooklyn Center;
City of Brooklyn Park; City of Burnsville;
City of Champlin; City of Corcoran;
City of Elk River; Hennepin County;
City of Maple Grove; City of Minneapolis;
City of Osseo; City of Ramsey;
Sherburne County; Michael Campion,
in his individual capacity as Commissioner
of the Department of Public Safety;
Ramona Dohman, in her individual
capacity as Commissioner of the
Department of Public Safety;
John and Jane Does (1-100) acting
in their individual capacity as supervisors,
officers, deputies, staff, investigators,
employees or agents of the other
governmental agencies; Department of
Public Safety Does (1-30) acting in their
individual capacity as officers, supervisors,
staff, employees, independent contractors,
or agents of the Minnesota Department of
Public Safety; and Entity Does (1-500)
including cities, counties, municipalities,
and other entities sited in Minnesota,

                Defendants.

This matter is before the Court on Defendants' Motions to Dismiss and/or to Sever. For the reasons that follow, the Motions to Dismiss are granted and the Motions to Sever are denied as moot.

**BACKGROUND**

Plaintiff Michelle Ray alleges that Defendants[1] illegally accessed her driver's license information approximately 440 times between 2003 and 2103 without a legitimate law-enforcement purpose. (Compl. ¶ 2.) Ray believes that her ex-husband, a retired law enforcement officer, and his friends and former colleagues have been accessing her private information in order to "check up on her." (Id. ¶¶ 42-45.) Ray provides no specific facts in support of this allegation.

The Driver and Vehicle Services Division of the Minnesota Department of Public Safety (DPS) maintains a database of Minnesota drivers' motor vehicle records, which includes each licensed driver's name, date of birth, driver's license number, address,

---

[1] Defendants are Anoka County, Hennepin County, and Sherburne County (collectively, County Defendants), City of Big Lake, City of Bloomington, City of Brooklyn Center, City of Brooklyn Park, City of Burnsville, City of Champlin, City of Corcoran, City of Elk River, City of Maple Grove, City of Minneapolis, City of Osseo, City of Ramsey (collectively, City Defendants), Michael Campion, in his individual capacity as Commissioner of the Department of Public Safety, Ramona Dohman, in her individual capacity as Commissioner of the Department of Public Safety (collectively, Commissioner Defendants), unknown persons acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies, unknown persons acting in their individual capacity as officers, supervisors, staff, employees, independent contractors, or agents of the Minnesota Department of Public Safety, and unknown entities including cities, counties, municipalities, and other entities sited in Minnesota (collectively, Unknown Defendants).

photograph, weight, height, eye color, social security number, and certain health and disability information. (Id. ¶¶ 46-47.) The database includes current and past data for each licensed driver. (Id. ¶ 47.) All of this information was available each of the alleged 440 times someone accessed Ray's records.

DPS provided an audit to Ray showing each date and time her driver's license data was accessed by an Unknown Defendant. (Compl. ¶ 52, Ex. A.) The DPS audit shows that Ray's data was accessed 66 times between 2003 and 2013 by various, but not all, Defendants and three entities not named in this suit. (Id.) The Bureau of Criminal Apprehension also performed an audit, which Ray contends demonstrates that the City Defendants, County Defendants, and Unknown Defendants accessed her data nearly 400 times during the same period. (Id. ¶ 107, Ex. B.) It is far from clear that each instance identified by Ray qualifies as a separate acquisition of her data. For example, the BCA audit indicates that on July 3, 2010, someone in the Anoka County Sheriff's Office accessed Ray's data. (Id. Ex. B at 64-65.) The record for this date includes ten separate entries that Ray construes as ten distinct access points. (Id.) The record also shows, however, that five seconds elapsed between the first and tenth entries, indicating that her data was accessed once, not ten separate times. It therefore appears that Ray's numbers are significantly inflated.

Ray asserts that each acquisition of her data must have been unauthorized and improper because she has never been "charged with or suspected of committing a crime in [any of the City or County Defendants' jurisdictions], has never been involved in any civil, criminal, administrative, or arbitral proceeding in or involving [any City or County

Defendant], and [that] there was no legitimate reason for [her] to have been the subject of any investigation by [any City or County Defendant]." (Id. ¶¶ 61, 65, 69, 73, 77, 81, 85, 89, 93, 97, 101, 105, 120, 140, 144.) Ray speculates that her data was obtained for "personal reasons, such as curiosity or romantic attraction." (Id. ¶ 234.)

On February 26, 2014, Ray filed suit alleging claims (1) under the Driver's Privacy Protection Act (DPPA), 18 U.S.C. § 2721, (2) under 42 U.S.C. § 1983, and (3) for common-law invasion of privacy. Ray seeks damages and injunctive relief. Defendants have filed motions to dismiss and all Defendants save the Commissioner Defendants have filed motions to sever.[2]

There are at least 27 other similar cases brought in this District, many of which already have been dismissed, either in whole or in part. See Kiminski v. Hunt, Nos. 13-cv-185, 13-cv-389, 13-cv-208, 13-cv-358, 13-cv-286, 2013 WL 6872452 (D. Minn. Sept. 20, 2013) (Ericksen, J.); Nelson v. Jesson, No. 13-cv-340, 2013 WL 5888235 (D. Minn. Nov. 1, 2013) (Kyle, J.); Rasmussen v. Chisago Cnty., No. 12-cv-632, 2014 WL 107067 (D. Minn. Jan. 10, 2014) (Nelson, J.); Brian Potocnik v. Anoka Cnty., No. 13-cv-1103, 2014 WL 683980 (D. Minn. Feb. 21, 2014) (Doty, J.); Bass v. Anoka Cnty., No. 13-cv-860, 2014 WL 683969 (D. Minn. Feb. 21, 2014) (Doty, J.); McDonough v. Al's Auto Sales, Inc., No. 13-cv-1889, 2014 WL 683998 (D. Minn. Feb. 21, 2014) (Doty, J.); Mitchell v. Aitkin Cnty., No. 13-cv-2167, 2014 WL 835129 (D. Minn. Mar. 4, 2014) (Ericksen, J.); Sheila Potocnik v.

---

[2] Anoka County is the only Defendant not to bring a motion to dismiss and the docket does not reflect that Anoka County has appeared in this action.

Carlson, No. 13-cv-2093, 2014 WL 1206403 (D. Minn. Mar. 24, 2014) (Schiltz, J.); Mallak v. Aitkin Cnty., 13-cv-2119, 2014 WL 1285807 (D. Minn. Mar. 31, 2014) (Frank, J.); Gulsvig v. Mille Lacs Cnty., No. 13-cv-1309, 2014 WL 1285785 (D. Minn. Mar. 31, 2014) (Tunheim, J.); Kost v. Hunt, No. 13-cv-583, 2014 WL 2002989 (D. Minn. May 15, 2014) (Ericksen, J.) (affirming Report and Recommendation dated Dec. 19, 2013) (Leung, M.J.).[3] The remainder are awaiting hearings or decisions on dispositive motions. To date, four of the dismissed cases have been appealed to the Eighth Circuit Court of Appeals. See Mitchell v. Aitkin Cnty., No. 14-1765 (8th Cir. filed Mar. 28, 2014); McDonough v. Al's Auto Sales, 14-1754 (8th Cir. filed Mar. 28, 2014), Bass v. Anoka Cnty., No. 14-1756 (8th Cir. filed Mar. 28, 2014); Brian Potocnik v. Anoka Cnty., No. 14-1974 (8th Cir. filed Apr. 23, 2014).

Although the dates of the alleged DPPA violations and some of the details specific to each plaintiff may vary, the issues presented in this and the above-cited cases are identical. Accordingly, the Court will not engage in an "affectation of research and a pretense of authorship and originality," but instead will simply adopt, where appropriate, the reasoning and conclusions of its brethren. N. PCS Servs, LLC v. Sprint Nextel Corp., No. 05-cv-2744, 2007 WL 951546, at *8 (D. Minn. Mar. 27, 2007) (Kyle, J.) (quoting Davis v. United States, No. 01-cv-337, 2001 WL 984869, at *1 (E.D.N.Y. July 19, 2001)).

---

[3] There are a total of three orders in Kost addressing the issues raised here. See also Kost, 2013 WL 5566045 (D. Minn. Oct. 8, 2013); Kost, 2013 WL 6048921 (D. Minn. Nov. 15, 2013).

**DISCUSSION**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**A.    DPPA Claim (Count I)**

The DPPA prohibits "any person" from "knowingly . . . obtain[ing] or disclos[ing] personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722. "'[P]ersonal information' means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address . . . , telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3). Permissible uses under § 2721(b) include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety monitoring, certain conduct of legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative or security service activities, and bulk

distribution of surveys and marketing materials. Potocnik (Brian), 2014 WL 683980, at *1 n.3 (citing 18 U.S.C. § 2721(b)).

Congress enacted the DPPA to prevent stalking, harassment, and related crimes, and to curb the states' practice of selling personal information to businesses engaged in direct marketing and solicitation. Smythe v. City of Onamia, No. 12-cv-03149, 2013 WL 2443849, at *5 (D. Minn. June 5, 2013) (Montgomery, J.); Maracich v. Spears, 133 S. Ct. 2191, 2198 (2013). Ray alleges that all Defendants violated the DPPA by obtaining her motor vehicle records, and thus her personal information, without a permitted purpose. She alleges that Defendants violated the DPPA between 2003 and 2013.

### 1. Statute of Limitations

Defendants first argue that most of Ray's DPPA claims are time-barred. As previously decided by this Court, "a four-year limitations period applies to DPPA claims and . . . the so-called 'discovery rule' exception does not apply." Mitchell, 2014 WL 835129, at *4. A DPPA cause of action accrues at the time the wrong occurs, i.e., at the time of the allegedly improper access to Ray's records. Potocnik (Brian), 2014 WL 683980, at *2. Accordingly, all claims relating to alleged DPPA violations before February 26, 2010, four years before Ray filed the Complaint, are time-barred. Because there are no timely claims brought against Bloomington, Brooklyn Center, Brooklyn Park, Burnsville, Champlin, Corcoran, Maple Grove, Minneapolis, Osseo, and Ramsey, those entities are dismissed with prejudice. Based on Ray's Exhibits to the Complaint, the only remaining alleged instances of improper retrieval

of Ray's data are as follows:

| Defendant | Timely Data Acquisitions |
|---|---|
| Anoka Co. | 7/3/10; 5/7/11; 8/7/11 |
| Elk River | 9/4/12; 9/5/12; 12/3/12 (4)[4]; 1/10/13; 3/9/13 ; 2/22/13; 4/20/13 (2); 4/21/13 |
| Big Lake | 8/6/12 |
| Hennepin Co. | 9/25/12 |
| Sherburne Co. | 1/10/13; 4/20/13 |

(See Compl. Exs. A and B.)

### 2. Claims against the Commissioner Defendants

Ray contends that Commissioner Dohman and her predecessor Michael Campion are liable under the DPPA for failing to adequately safeguard against others' improper retrieval of her motor vehicle records. (See Compl. ¶¶ 191-210.) Ray does not allege that Dohman or Campion personally accessed her data.

This Court has held that "the DPPA does not impose liability on one who indirectly facilitated another's access of a motor vehicle by maintaining an electronic database." Potocnik (Brian), 2014 WL 683980, at *2; see also Bass, 2014 WL 683969, at *3 (same); McDonough, 2014 WL 683998, at *3 (same); Kiminski, 2013 WL 687425, at *9 ("[T]he plain language of the civil action provision of the DPPA limits its applicability to a person who knowingly obtained, disclosed, or used personal information for an impermissible purpose.");

---

[4] The parentheses indicate the number of distinct points of access in a given day.

Potocnik (Sheila), 2014 WL 1206403, at *3-7 (extensively discussing untenable claim against the Commissioner Defendants); Gulsvig, 2014 WL 1285785, at *5 ("The misuse Plaintiffs allege here was by Peterick, not the Commissioner Defendants, and the text of the statute limits liability to those who disclose, use, access, or obtain information themselves for an impermissible purpose, not those who provide access to information that is subsequently used for an impermissible purpose." (emphasis in original)); Nelson, 2013 WL 5888235, at *3 ("It is not enough that they disclosed information to Schlener and he acted with an impermissible purpose, the Commissioners themselves must have acted with such a purpose. This is the only possible interpretation, given the plain language of the statute." (emphasis in original)). Furthermore, the DPPA does not permit claims for the negligent disclosure of personal information. Kiminski, 2013 WL 6872425, at *9.

Because Ray does not allege that the Commissioner Defendants personally accessed her information with improper purpose, the DPPA claims against them are dismissed.

### 3. Claims Against Remaining City and County Defendants

In order to state a claim under the DPPA, Ray must adequately allege that her data was "obtained" for an improper purpose. 18 U.S.C. § 2724(a). The Court previously determined that looking up a person's motor vehicle records meets the intended meaning of "obtained" even without subsequent use. Kost, 2013 WL 6048921, at *11. The key issue, then, is whether the facts as alleged give rise to a plausible inference that the data was obtained for an improper purpose. To meet this standard, Ray's Complaint need not contain "detailed

factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Ray contends that she adequately pled improper purpose by alleging that: (1) Defendants accessed her data more than 440 times, (2) her data was sometimes accessed in the early morning hours,[5] (3) her name—rather than her license number—was used to access her data, (4) her ex-husband worked in law enforcement and has friends who still do, and (5) she has committed no crimes and never been the subject of a criminal investigation. Ray asserts that these allegations lead to the undeniable inference that her data must have been obtained for improper personal reasons. The Court disagrees and finds that Ray's allegations are conclusory and untethered to facts that allow her claim to rise above the speculative level.

Judge Ericksen's reasoning and analysis in Mitchell is persuasive, and its facts are on par with those presented here. In Mitchell, the plaintiff alleged that the defendants improperly accessed her motor vehicle data because she was a news anchor and side-line reporter who had met and interviewed numerous law enforcement personnel, her data was looked up by name and not by license number, her data was accessed hundreds of times by dozens of municipalities, and she had no criminal history and was not the subject of any criminal

---

[5] In fact, only one non-time barred acquisition of Ray's data occurred in the early morning. (Compl. Ex. B at 80-81.) The timing of the acquisitions is irrelevant, however, because police work is not confined to a typical workday.

investigation.  Mitchell, 2014 WL 835129, at *2, 6.

In dismissing Mitchell's claims, Judge Ericksen explained that "[h]er allegations differ in this regard from cases where claims of impermissible purpose have risen above the speculative level.  Such cases generally included some indication of a connection or interaction between an identifiable law enforcement officer and the plaintiff, from which the asserted impropriety of the officer's retrieval of the plaintiff's data can be plausibly inferred." Mitchell, 2014 WL 835129, at *8.  For example, in Smythe, Judge Montgomery concluded that Smythe plausibly stated a DPPA claim because he alleged in detail a "long and contentious history" between himself and the Onamia Chief of Police, who was solely responsible for accessing Smythe's data.  2013 WL 2443849 at *6.

Ray contends that she adequately alleged a personal connection with Defendants by stating that her husband is a retired law enforcement officer and that he has friends who are still law enforcement officers.  Ray notably does not allege where her ex-husband or any of his friends work, however, or even that she believes they work in one of the jurisdictions named in the Complaint.  In other words, Ray does nothing to specifically link her ex-husband and his friends to the underlying alleged DPPA violations.  Indeed, at the hearing on this matter, the Court inquired as to where Ray's ex-husband served as a police officer, but Ray did not respond.  Thus, the Court has no basis to infer that any officers in the remaining jurisdictions have any personal connection to or interest in Ray.  Absent such a connection, the Court finds that Ray's allegations are insufficient to state a claim under the DPPA.

11

Further, "in the absence of clear evidence to the contrary, the courts presume that [public officers] have properly discharged their official duties." Potocnik (Brian), 2014 WL 683980, at *3 (quoting United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926)). The allegations, as pled, do not undermine this principle.

**B.      Section 1983 Claims (Counts II, III, IV)**

Ray also brings claims under 42 U.S.C. § 1983, arguing that Defendants violated her constitutional and statutory rights based on the same conduct underlying her DPPA claims. The Court has previously determined that claims under § 1983 are "unavailable for violations of any statutory or constitutional rights under facts analogous to those alleged in the complaint." Mitchell, 2014 WL 835129, at *9; see also Kiminiski, 2013 WL 6872425, at *14, Potocnik (Brian), 2014 WL 683980, at *6; Rasmusson, 2014 WL 107067, at *5; Nelson, 2013 WL 5888235, at *7. There are no allegations unique to Ray that yield a different conclusion.

To the extent Ray alleges a claim against the City and County Defendants under Monell v. Department of Social Services, 436 U.S. 658 (1978), for an unconstitutional policy or custom, that claim also fails because, as discussed, there are no viable underlying claims. See Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994) (holding that a municipality may not be held liable for its employees' conduct unless the employees are "found liable on the underlying substantive claim"), abrogated on other grounds by Engleman v. Deputy Murray, 546 F.3d 944 (8th Cir. 2008). Ray's claims under § 1983 are dismissed.

**C.     Invasion of Privacy (Count V)**

Ray lastly alleges a common-law invasion-of-privacy claim for intrusion upon seclusion. Under Minnesota law, "[i]ntrusion upon seclusion occurs when one 'intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person.'" Rasmussen, 2014 WL 107067, at *9 (quoting Lake v. Wal–Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998)). "The tort has three elements: (a) an intrusion; (b) that is highly offensive; and (c) into some matter in which a person has a legitimate expectation of privacy." Id. (quoting Swarthout v. Mut. Serv. Life Ins. Co., 632 N.W.2d 741, 744 (Minn. Ct. App. 2001)).

The Court already has determined in these cases that obtaining motor vehicle records is insufficient to meet the "high threshold of offensiveness and expectation of privacy[.]" Id.; see also Potocnik (Sheila), 2014 WL 1206403, at *17-18; Bass, 2014 WL 683969, at *7; McDonough, 2014 WL 683998, at *7; Mallak, 2014 WL 1285807, at *13-14.

**D.     Motions to Sever**

All Defendants except the Commissioner Defendants have moved to sever under Rule 20 of the Federal Rules of Civil Procedure, because they claim that Ray improperly joined them in a single action. Because the Court has determined that Ray has not stated viable claims against Defendants, the severance motions are denied as moot.

13

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Hennepin County's Motion to Dismiss and/or to Sever (Docket No. 12) is **GRANTED in part and DENIED in part** as set forth above;

2. Minneapolis's Motion to Dismiss and/or for Severance (Docket No. 14) is **GRANTED in part and DENIED in part** as set forth above

3. The Motion to Dismiss and/or Sever by Big Lake, Bloomington, Brooklyn Center, Brooklyn Park, Burnsville, Champlin, Corcoran, Elk River, Maple Grove, Osseo, and Ramsey (Docket No. 17) is **GRANTED in part and DENIED in part** as set forth above;

4. Sherburne County's Motion to Dismiss and/or to Sever (Docket No. 27) is **GRANTED in part and DENIED in part** as set forth above;

5. Campion's and Dohman's Motion to Dismiss (Docket No. 32) is **GRANTED**; and

6. The Complaint is **DISMISSED with prejudice** as to all Defendants, save Anoka County.

Dated: June 3, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge